Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4976 | **DATE** | 6/28/2001 |
| **CASE TITLE** | The Terra Foundation, et al. vs. Perkins | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The plaintiffs' motion for a temporary restraining order is heard and denied. Plaintiffs' oral motion to place the pleadings under seal is denied. Plaintiffs' applications to admit Leonard Garment, Lawrence E. Levinson, K. Chris Todd, Neil Gorsuch, and John H. Longwell to appear pro hac vice is granted. Enter memorandum opinion and order. As there is nothing further pending before this court, this action is dismissed.

(11) ☒ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JUN 29 2001 | |
| X | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUN 29 PM 12: 13 | date mailed notice | |
| | courtroom MPJ deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THE TERRA FOUNDATION FOR THE ARTS,** an Illinois Not-for-Profit Corporation, **PAUL HAYES TUCKER**, Director, Chairman, and President, the Terra Foundation for the Arts, **ALAN K. SIMPSON**, Director, the Terra Foundation for the Arts, and **JUDITH TERRA**, Director, the Terra Foundation for the Arts, <br><br> Plaintiffs, <br><br> vs. <br><br> **FLOYD D. PERKINS**, in his official capacity as Assistant Attorney General, State of Illinois, <br><br> Defendant. | No. 01 C 4976 |

### MEMORANDUM OPINION AND ORDER

Plaintiffs, The Terra Foundation for the Arts, Paul Hayes Tucker, Alan K. Simpson, and Judith Terra, the latter three all directors of the Terra Foundation, have sued Floyd D. Perkins, an Assistant Attorney General for the State of Illinois who is charged with enforcing the State's charitable institution laws, alleging that Mr. Perkins violated their federal constitutional rights to due process and freedom of speech by intimidating two other Terra Foundation directors who, as a result of the intimidation,[1] are

---

[1] Dr. Stephanie Marshall is head of the Illinois Mathematics and Science Academy, an elite but public high school in Illinois. The other director in question, Dr. Theodore Stebbins, is curator of the Fogg Museum at Harvard University and has no ties to public institutions in Illinois but was allegedly intimidated by proposed

about to vote to substantially change the by-laws of the Terra Foundation and take other acts that will force the Terra Foundation to keep its valuable art collection in Illinois for many years. Plaintiffs seek a temporary restraining order that would prevent either the vote that is expected to take place tomorrow, June 29, 2001, from taking place, or would prevent the two allegedly intimidated directors from taking part in that vote. Plaintiffs have not sued the two directors.[2] Plaintiffs nevertheless say that an injunction against the Attorney General will prevent either any vote from taking place or the two directors' participation in that vote on the ground that because of the intimidation the two directors have become de facto agents of the Attorney General. They argue therefore that an injunction against the defendant will be binding on the directors.

There are at least two problems with plaintiffs' attempted resolution of their conflict in this court. First, there is an ongoing lawsuit (two actually) presently pending in the Circuit Court of Cook County in which the present plaintiffs are defendants

---

charges of conflict of interest in an amended complaint drafted but never filed by the State of Illinois in related state litigation.

[2] Plaintiffs did offer to add them as defendants but the addition of Dr. Marshall would almost certainly prevent diversity jurisdiction, alleged presently, and unless they are state actors, could not form a basis for subject matter jurisdiction under 28 U.S.C. § 1343(a)(3), the second basis on which plaintiffs allege subject matter jurisdiction. See 42 U.S.C. § 1983. Whether they can plausibly be considered to be acting under color of state law is discussed further in this opinion.

2

and involving the same subject matter raised in their federal court complaint. It is actually a proposed resolution of those lawsuits through a settlement which is expected to be voted on tomorrow that plaintiffs seek to stop. Plaintiffs say that neither the Rooker-Feldman doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), nor the Anti-Injunction Act, 28 U.S.C. § 2283, prohibit this court from acting so long as it acts before the anticipated consent decree is entered in state court, but assuming that is so, principles of comity and federalism call for abstention where the issues raised can be litigated in the ongoing state action and where action by the federal court would interfere in the state proceeding.

The State of Illinois, representing Mr. Perkins, invokes *Younger v. Harris*, 401 U.S. 37 (1971), in support of abstention. *Younger* holds that federal courts cannot enjoin ongoing state criminal proceedings unless extraordinary circumstances are present. In a companion case, *Samuels v. Mackell*, 401 U.S. 66 (1971), the Court applied a similar result to actions for declaratory judgment because they would also interfere with state prosecutions. *Younger* has been extended widely, including to civil contexts. For example, the State of Illinois likens this case to *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) (*Younger* abstention appropriate when the relief sought by the federal plaintiff was an

3

injunction against the party that had prevailed in state court to prevent it from executing its judgment prior to an appeal to a state appellate court). That case is not precisely on point because there, judgment had been entered, whereas in the case before me the goal is to prevent judgment from being entered. However, judgment need not have been entered for *Younger* abstention to be appropriate.

The Seventh Circuit states that abstention is appropriate "if the impacted state proceedings satisfy the following requirements: (1) the judicial or judicial-in-nature state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *AFSCME v. Tristano,* 898 F.2d 1302, 1305 (7th Cir. 1990). These requirements are satisfied here. The state court proceedings are obviously judicial. The State of Illinois has set forth what it believes to be, and what I agree are, important state interests in its ability to regulate charitable institutions. It is not necessary that I endorse the policy adopted by the state to recognize that the interests it invokes are important. Finally, there was – and as far as I know still is – ample opportunity to raise any constitutional challenges in the state court proceedings.

The plaintiffs respond that section 1983 provides an exception to the usual application of *Younger* because federal protection is

needed in such cases to vindicate plaintiffs' rights against state abuses. This is not in general true. For example, in *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995), the court affirmed the use of *Younger* abstention in a § 1983 case seeking civil relief for constitutional violations of a man convicted of a crime; *accord State of Indiana v. Haws,* 131 F.3d 1205, 1210 (7th Cir. 1997)(quoting from *Barichello v. McDonald*, 98 F.3d 948, 954 (7th Cir. 1996): "*Younger* has 'come to mean that absent unusual circumstances, a federal court must refrain from entertaining injunctive relief which might interfere with the ... judicial process of state courts ....'"). Section 1983 is not a magic key into federal court, especially when, as here, there is ample opportunity to litigate the constitutional issues in state court. Moreover, there is no reason to think that the plaintiffs require the special protections of federal court even though the state is a party to the state court action. The only basis that the plaintiffs give for thinking there may be a problem with the state court is that the very able state court judge is elected. That is not a reason to think that she cannot fairly resolve charges of misconduct made against the state and its officers, such as Mr. Perkins.

Even if I were not to abstain, however, I could not grant the temporary restraining order sought by the plaintiffs. In the first place, plaintiffs do not appear to have standing. In order for a

5

party to bring suit in federal court, three constitutional requirements under Article III must be met: "(1) the party must have personally suffered an actual or threatened injury caused by the defendant's illegal conduct; (2) the injury must be fairly traceable to the challenged conduct; and (3) the injury must be one that is likely to be redressed by a favorable decision." *United Transp. v. Surface Transp. Board*, 183 F.3d 606, 611 n.2 (7th Cir. 1999). In this case, the last requirement is missing.

The only defendant named is Mr. Perkins. It would do no good to enjoin him from interfering in Board business or intimidating the directors with respect to the meeting at question. The State of Illinois says that he is in Canada, and does not even know that he has been sued. As the State says, with respect to his involvement, tomorrow is the best time to hold the meeting.

The plaintiffs really want me to enjoin Drs. Marshall and Stebbins from voting or coming to the meeting, but they are not defendants. If they were named, however, they could not be sued under section 1983, the basis for my jurisdiction. The plaintiffs suggest that they can be enjoined as persons acting "in consort" with the defendant, or as his agents. But they offer no authority that persons who have been intimidated or influenced by a state actor are acting in consort with them or as agents of those who intimidate them, or indeed that they could be named as section 1983 defendants at all. That section requires state action. And that

is hard to show.

The Supreme Court has articulated several tests for when private action is state action: the "public function" test, the "state compulsion" test, the "nexus" test, and the "joint action" test. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). Of these, only the "joint action" and "state compulsion" tests are worth considering. The tests are fact-specific. "Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance." *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961); *Dunham v. Frank's Nursery & Crafts, Inc.*, 919 F.2d 1281, 1284 (7th Cir. 1990).

The "joint action" theory, articulated in cases like *Dennis v. Sparks*, 449 U.S. 24, 27 (1980), says that a private defendant acts under color of state law when he is "a willful participant in joint action with the State or its agents." A charge of joint action amounts to alleging "some agreement between private and public actors to violate plaintiff's constitutional rights." *Cunningham v. Southlake Center for Mental Health, Inc.*, 924 F.2d 106, 107 (7th Cir. 1991) (citing *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983) ("To prove a conspiracy between private parties and the government under § 1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown.")). "A requirement of the joint action charge therefore is that both public and private

7

actors share a common, unconstitutional goal." *Id.* If the directors in question are unwillingly intimidated, however, they are not willful joint actors who share Mr. Perkin's hypothetically unconstitutional goals. *See Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985).

I suppose one could be an unwilling co-conspirator, but what is alleged here is not that Drs. Marshall and Stebbins share any unconstitutional goals or have conspired, however unwillingly, to deprive the plaintiffs of their rights, but that they were somehow coerced into changing their votes on the settlement, basically to get Mr. Perkins off their backs, which change will have the effect of furthering Mr. Perkin's unconstitutional goals. That is not what is required.

But the situation for the plaintiffs is worse than this analysis suggests. "To state a § 1983 claim against a private actor, plaintiffs must show that the defendant invoked state authority in such a way that the defendant should be considered a state actor." *Davis v. Union National Bank*, 46 F.3d 24, 25 (7th Cir. 1994). For example in *Del's Big Saver Foods, Inc. v. Carpenter Cook, Inc.*, 795 F.2d 1344 (7th Cir. 1986), the court held that a private person became a state actor for purposes of the state action requirement when he repossessed collateral on the strength of an ex parte order issued by a court. The ex parte order instructed the sheriff to assist the private person if need be to

8

carry out the order. In that case it was not necessary to call the sheriff. The court held that "[t]he fact that the sheriff remained in the background and hence could not be joined as a defendant does not deprive Carpenter Cook's action in enforcing a judicial order of its character as state action." *Id.* at 1346. Here, it would not be possible to say that Drs. Marshall and Stebbins invoked the power of the Illinois Attorney General's office, which remains in the background: they are not argued to invoke any power; they have no court or administrative order to carry out, and they could not call in Mr. Perkins to back them up if they wanted to, which, the plaintiffs argue, they do not.

The plaintiffs' best shot is the "state compulsion" test, under which a § 1983 claim may be stated "when the state has so implicated itself in the defendant's action that the state has in effect compelled the action." *Starnes v. Capital Cities Media, Inc,* 39 F.3d 1394, 1396 (7th Cir. 1994). This test originated in *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 170 (1970). There the Court held that a "state is responsible for the [unconstitutional] act of a private party when the state, by its law, has compelled the act." 'When the State has commanded a particular result, it has saved to itself the power to determine that result and thereby 'to a significant extent' has 'become involved' in it.'" *Id.* (citation omitted). However the command has to involve action under color of some "statute, ordinance, regulation, custom, or usage, of a

9

State," in the language of § 1983 itself. *Id.*

The actions challenged here are not analogous to the facts in *Adickes,* where a white woman was denied restaurant service (and subsequently arrested for vagrancy) because she was in the company of African-Americans. The Supreme Court held that it would satisfy state action if she showed that she was refused service by the defendant restaurant as the result of a state enforced custom compelling segregation of the races in Mississippi restaurants. *Adickes,* 398 U.S. at 171. In this case, there are two actions alleged to force the directors to change their votes. One is proposing to name Dr. Stebbins as a defendant in a lawsuit. The other is investigating Dr. Marshall's school. These are both official practices, but in the first place, neither of these involve a "command." They do not require the conduct they are supposed to induce – that these directors change their votes. The difference between inducement and requirement is a matter of degree, but not every incentive and disincentive is coercive. For example, in *Mendoza v. United Farm Workers Organizing Committee,* 487 F.2d 311, 312 (9th Cir. 1974) (per curiam), the court rejected the idea that a union shop agreement that grows out of the "normal give and take of collective bargaining and labor-management relations," is coercive, although anyone must recognize that it involves various threats and unwelcome inducements. It might be different if Mr. Perkins had held a gun to the heads of Drs.

10

Marshall and Stebbins, but all he did was to name one in a proposed amendment to a lawsuit and allegedly investigate the school of another.

Moreover, the conduct being induced (a changed vote) is not itself unlawful, unlike the racial discrimination involved in *Adickes*. Essentially the plaintiffs argue that Mr. Perkins used his undoubtedly legitimate authority to name Dr. Stebbins in a complaint and to investigate Dr. Marshall's school in order to get them to do something lawful, which the plaintiffs argue will have unfortunate effects. If the directors had just changed their minds, the plaintiffs would just have to live with it. What difference, as far as their status as potential § 1983 defendants goes, does it make if they changed their votes because of the inducements by Mr. Perkins? Even if Mr. Perkin's intentions were to violate the plaintiffs' constitutional rights by getting these directors to vote to approve the settlement, the plaintiffs do not explain, either with authority or with logic, how the directors can be charged with violating the plaintiffs' rights even under compulsion if they do what they had a lawful right to do in any event.

Since enjoining Mr. Perkins would be pointless, and Drs. Marshall and Stebbins are not state actors and cannot be sued under Section 1983, there is no relief that I can give that would redress plaintiffs' complaint. They lack standing. I abstain in any event. The plaintiffs' motion for a temporary restraining order

11

must therefore be denied.  The action is dismissed.

**ENTER ORDER:**

_Elaine E. Bucklo_
**Elaine E. Bucklo**
United States District Judge

Dated:  June 28, 2001